**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                         No. 98-4188

JERRY WAYNE GODFREY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-94-5-BO)

Submitted: September 30, 1998

Decided: October 22, 1998

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Edwin C. Walker,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Jane J. Jackson, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerry Wayne Godfrey appeals his six-month sentence imposed for violation of his supervised release. Godfrey noted a timely appeal and his attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, Godfrey's counsel suggested that the district court imposed an unreasonable sentence because the victim of the assault that formed the basis of Godfrey's violation of supervised release had "no real interest in [Godfrey] being incarcerated." The time for filing a supplemental brief has passed and Godfrey has not responded. Because we find the district court's imposition of the sentence reasonable under the circumstances and can discern no other error on this record, we affirm.

Godfrey was convicted of uttering a counterfeit federal reserve note in violation of 18 U.S.C. § 472 (1994), and sentenced to a term of imprisonment of forty-six months to be followed by a thirty-six month term of supervised release. Godfrey's supervised release began on September 6, 1996. On January 28, 1998, the Government filed a motion to revoke Godfrey's supervised release. In the motion, the probation officer reported that the Hope Mills, North Carolina Police Department had arrested Godfrey the previous day and charged him with an assault on his wife. The probation officer noted that Godfrey's conduct violated the terms of his supervised release.

Godfrey pled no contest to the charges in the revocation motion. On Godfrey's plea, the district court found that Godfrey had violated his supervised release. Before sentencing Godfrey, the district court recited Godfrey's considerable history of violence against women. The district court rejected defense counsel's suggestion that Godfrey be sentenced to a half-way house. The court revoked Godfrey's release and sentenced him to a six month term of imprisonment at the low end of the range suggested by the U.S. Sentencing Guidelines Manual § 7B1.4, p. 5. (Nov. 1993).

Godfrey does not contest that he violated his supervised release. Rather, his attorney argues only that the sentence is unreasonable

2

because Godfrey's wife, the victim of his assault, did not wish Godfrey be reincarcerated. As counsel correctly notes§ 7B1.4, providing imprisonment ranges for revocation of supervised release is advisory in nature. See United States v. Davis, 53 F.3d 638, 640 n.6 (4th Cir. 1995). Thus, because the district court's sentence does not exceed the maximum limit of two years established for violation of the terms of release in Class C felonies under 18 U.S.C. § 3583(e) (1994), this court reviews Godfrey's sentence only to determine if it is plainly unreasonable. See 18 U.S.C. § 3742(a)(4) (1994). Given the facts of this case and the reprehensible nature of Godfrey's conduct, we cannot say that the six-month sentence imposed by the district court was plainly unreasonable, notwithstanding the victim's position on Godfrey's incarceration.

Pursuant to Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm Godfrey's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3